# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COX COMMUNICATIONS LAS VEGAS, INC, <br><br> Plaintiff(s), <br><br> vs. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant(s). | 2:13-cv-01483-GMN-NJK <br><br> **ORDER** <br><br> Stipulation to Extend Discovery Deadlines (First Request) (Docket No. 20). |

Before the Court is the parties' Stipulation to Extend Discovery Deadlines (First Request), Docket No. 20, filed on February 20, 2014. The parties request a 90-day extension of the discovery deadline, the interim status report deadline, the expert disclosure deadline, the rebuttal expert disclosure deadline, the dispositive motions deadline, and the pretrial order deadline. For the reasons discussed below, the parties' stipulation is hereby **DENIED without prejudice**.

## I.     Good Cause

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b) and Local Rule 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists "if it cannot reasonably

1  be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.
2  While prejudice to the opposing party may also be considered, where the movant "fail[s] to show
3  diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at
4  609).
5       Here, the parties have not shown that they were diligent in trying to complete discovery.
6  Rather, the only discovery the parties have completed to date are the initial disclosures. The
7  parties admit that have been waiting on a determination of the motion for summary judgment and
8  have intentionally not been pursuing discovery pending that determination. Further, the parties
9  admit that once the Court makes a determination on the motion for summary judgment, there
10 may still be discovery that needs to be conducted. Thus, it appears that, to date, the parties have
11 disregarded the discovery deadlines and have not been diligent. The parties should be conducting
12 all anticipated discovery in the time allotted and they cannot delay discovery simply because a
13 dispositive motion is pending.[1] Accordingly, the Court finds that good cause does not exist for
14 the requested extension.

15 **III.   Failure to Address Excusable Neglect**

16      Requests to extend a discovery deadline filed less than 21 days before the expiration of
17 that particular deadline must be supported by a showing of excusable neglect. *See* Local Rule
18 26-4. This motion was filed 20 days after the deadline to amend pleadings and add parties and
19 only eight days before the interim status report deadline and the expert disclosure deadline;
20 therefore, excusable neglect must be shown.
21      Excusable neglect encompasses situations in which the failure to comply with a filing
22 deadline is attributable to negligence. *Lemoge v. U.S.,* 587 F.3d 1188, 1195 (9th Cir. 2009).

---

[1] The pendency of a dispositive motion alone does not in itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011).

There are at least four factors for determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004).

Here, the parties have not shown, nor addressed, excusable neglect. Based on the information before the Court, it appears that excusable neglect does not exist.

### III.  Conclusion

IT IS HEREBY ORDERED that the parties' Stipulation to Extend Discovery Deadlines (First Request), Docket No. 20, is hereby DENIED without prejudice.

DATED: February 21, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge